```
 1  LAURA E. DUFFY
    United States Attorney
 2  STEVEN J. POLIAKOFF
    Assistant U.S. Attorney
 3  California State Bar No. 188231
    Federal Office Building
 4  880 Front Street, Room 6293
    San Diego, California 92101-8893
 5  Telephone: (619) 557- 7117

 6  Attorneys for the Federal Defendant
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA HALL,<br><br>            Plaintiffs,<br><br>    v.<br><br>MID-CITY COMMUNITY CLINIC,<br>VIVIAN H. TSO, MD.,<br>SAN DIEGO FAMILY CARE,<br>DOES 1 TO 20,<br><br>            Defendants. | CASE NO. **'11 CV0006 LAB WMc**<br><br>NOTICE OF REMOVAL OF<br>CIVIL ACTION<br><br>Superior Court<br>County of San Diego<br>Case Number: 37-2010-00104314<br>                            CU-MM-CTL |

The United States of America, on behalf of Defendants Mid-City Community Clinic, Vivian H. Tso, M.D. and San Diego Family Care by its attorneys, Laura E. Duffy, United States Attorney, and Steven J. Poliakoff, Assistant U.S. Attorney, hereby respectfully notices the removal of the above-captioned civil action from the Superior Court of the State of California, San Diego.

Removal is noticed on the following grounds:

1. Defendants Mid-City Community Clinic, Vivian H. Tso, M.D. and San Diego Family Care were at all relevant times acting within the scope of their employment as persons deemed employees of the United States pursuant to 42 U.S.C. § 233. They were all named as defendants in the above-captioned case now pending as Case No. 37-2010-00104314-CU-MM-CTL in the Superior Court of

1. California, County of Imperial, and no trial has yet been had therein.

2. Plaintiff's claims against Defendants Mid-City Community Clinic, Vivian H. Tso, M.D. and San Diego Family Care allege negligence.

3. The above captioned action may be removed pursuant to 28 U.S.C. § 2679 (d)(2) because Defendants Mid-City Community Clinic, Vivian H. Tso, M.D. and San Diego Family Care are deemed employees of the United States and are covered by the Federally Supported Health Centers Assistance Act, codified as 42 U.S.C. §§ 233(g)-(n).

4. The above captioned action may also be removed under 28 U.S.C. §§ 1441 (a) and (b) and 1346 (b)(1), which in pertinent part states:

> Subject to the provisions of chapter 171 of this title [28 U.S.C. § 2671 et seq.] the district courts, .... shall have exclusive jurisdiction over civil actions on claims against the United States, for money damages, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant, in accordance with the law of the place where the act or omission occurred. [emphasis added]

28 U.S.C. § 1346 (b) (1).

5. As of this time, no process or pleadings relative to the above captioned civil action have been served on the United States Attorney.

6. Copies of the Complaint, pleadings and orders served on Defendants Mid-City Community Clinic, Vivian H. Tso, M.D. and San Diego Family Care are filed herewith pursuant to 28 U.S.C. § 1446 (a).

WHEREFORE, this action previously pending in the Superior Court of California, County of Imperial is removed therefrom to this Court.

DATED: January 4, 2011

LAURA E. DUFFY
United States Attorney

STEVEN J. POLIAKOFF
Assistant U.S. Attorney
Attorneys for the United States of America

FROM : ANDY VAN LE              FAX NO. : 6195250009         Nov. 19 2010 05:04PM P 7

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Mid-City Community Clinic; Vivian H. Tso, M.D.;
San Diego Family Care, Does 1 to 20

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Patricia Hall

FILED
2010 NOV 17 PM 1:59
CLERK SUPERIOR COURT
SAN DIEGO COUNTY, CA

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Superior Court of California, County of San Diego, Central Division
330 West Broadway, San Diego, CA 92101

CASE NUMBER:
*(Número del Caso):*
37-2010-00104314-CU-MM-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Andy Van Le, Esq., 401 West "A" Street, Suite 1615, San Diego, CA 92101, (619) 525-0001

DATE: NOV 1 6 2010        Clerk, by   C. Beutler        , Deputy
*(Fecha)*                   *(Secretario)*               *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): San Diego Family Care.

   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date): 11-23-10

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

2808

|  |  |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):<br>Andy Van Le, Esq. (SBN 214177)<br>Law Offices of Andy Van Le & Associates<br>401 West "A" Street, Suite 1615, San Diego, CA 92101<br>TELEPHONE NO: 619/525-0001   FAX NO. (Optional): 619/525-0009<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Plaintiff Patricia Hall | PLD-PI-001<br>FOR COURT USE ONLY<br><br>2010 NOV 17 PM 1:59<br><br>CLERK SUPERIOR COURT<br>SAN DIEGO COUNTY, CA |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Diego<br>STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Diego, CA 92101<br>BRANCH NAME: Central | CALENDAR<br>DOCKETS<br>SECY<br>ATTY |
| PLAINTIFF: Patricia Hall<br><br>DEFENDANT: Mid-City Community Clinic; Vivian H. Tso, M.D.;<br>San Diego Family Care<br>[✓] DOES 1 TO 20 |  |
| **COMPLAINT—Personal Injury, Property Damage, Wrongful Death**<br>[ ] AMENDED (Number):<br>Type (check all that apply):<br>[ ] MOTOR VEHICLE   [✓] OTHER (specify): Medical Negligence<br>[ ] Property Damage   [ ] Wrongful Death<br>[ ] Personal Injury   [ ] Other Damages (specify): |  |
| Jurisdiction (check all that apply):<br>[ ] ACTION IS A LIMITED CIVIL CASE<br>   Amount demanded [ ] does not exceed $10,000<br>                    [ ] exceeds $10,000, but does not exceed $25,000<br>[✓] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)<br>[ ] ACTION IS RECLASSIFIED by this amended complaint<br>   [ ] from limited to unlimited<br>   [ ] from unlimited to limited | CASE NUMBER:<br><br>37-2010-00104314-CU-MM-CTL |

1. Plaintiff (name or names): Patricia Hall
   alleges causes of action against defendant (name or names):
   Mid-City Community Clinic; Vivian H. Tso, M.D.; San Diego Family Care ; Does 1 to 20
2. This pleading, including attachments and exhibits, consists of the following number of pages: 5
3. Each plaintiff named above is a competent adult
   a. [ ] except plaintiff (name):
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity (describe):
      (3) [ ] a public entity (describe):
      (4) [ ] a minor [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other (specify):
      (5) [ ] other (specify):
   b. [ ] except plaintiff (name):
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity (describe):
      (3) [ ] a public entity (describe):
      (4) [ ] a minor [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other (specify):
      (5) [ ] other (specify):

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

| Form Approved for Optional Use<br>Judicial Council of California<br>PLD-PI-001 [Rev. January 1, 2007] | **COMPLAINT—Personal Injury, Property<br>Damage, Wrongful Death** | Page 1 of 3<br>Code of Civil Procedure, § 425.12<br>www.courtinfo.ca.gov |

S. YAMAMOTO

NOV 23 2010

FROM : ANDY VAN LE                FAX NO. :6195250009            Nov. 19 2010 05:05PM P 9

PLD-PI-001

| SHORT TITLE: Hall v. Mid-City Community Clinic, et al. | CASE NUMBER: |
|---|---|

4. ☐ Plaintiff (name):
   is doing business under the fictitious name (specify):

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. ☑ except defendant (name): San Diego FamilyCare c. ☐ except defendant (name):
      (1) ☐ a business organization, form unknown          (1) ☐ a business organization, form unknown
      (2) ☑ a corporation                                   (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):           (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):                    (4) ☐ a public entity (describe):

      (5) ☐ other (specify):                               (5) ☐ other (specify):

   b. ☑ except defendant (name): Mid-City Community  d. ☐ except defendant (name):
      (1) ☑ a business organization, form unknown         (1) ☐ a business organization, form unknown
      (2) ☐ a corporation                                  (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):          (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):                    (4) ☐ a public entity (describe):

      (5) ☐ other (specify):                               (5) ☐ other (specify):

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☐ Doe defendants (specify Doe numbers): _____ were the agents or employees of other named defendants and acted within the scope of that agency or employment.
   b. ☐ Doe defendants (specify Doe numbers): _____ are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are (names):

8. This court is the proper court because
   a. ☑ at least one defendant now resides in its jurisdictional area.
   b. ☑ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☑ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other (specify):

9. ☑ Plaintiff is required to comply with a claims statute, and
   a. ☑ has complied with applicable claims statutes, or
   b. ☐ is excused from complying because (specify):

PLD-PI-001 [Rev. January 1, 2007]       COMPLAINT—Personal Injury, Property         Page 2 of 3
                                        Damage, Wrongful Death

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Hall v. Mid-City Community Clinic, et al. | |

10. The following causes of action are attached and the statements above apply to each (each complaint must have one or more causes of action attached):
   a. ☐ Motor Vehicle
   b. ☐ General Negligence
   c. ☐ Intentional Tort
   d. ☐ Products Liability
   e. ☐ Premises Liability
   f. ☑ Other (specify):

   Medical Negligence; Failure to obtain informed consent

11. Plaintiff has suffered
    a. ☑ wage loss
    b. ☐ loss of use of property
    c. ☑ hospital and medical expenses
    d. ☑ general damage
    e. ☐ property damage
    f. ☑ loss of earning capacity
    g. ☐ other damage (specify):

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
    a. ☐ listed in Attachment 12.
    b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    a. (1) ☑ compensatory damages
       (2) ☐ punitive damages
       The amount of damages is (in cases for personal injury or wrongful death, you must check (1)):
       (1) ☑ according to proof
       (2) ☐ in the amount of: $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows (specify paragraph numbers):

Date: November 16, 2010

Andy Van Le
(TYPE OR PRINT NAME)        (SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001 (Rev. January 1, 2007)    COMPLAINT—Personal Injury, Property Damage, Wrongful Death    Page 3 of 3

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Patricia Hall v. Mid-City Community Clinic, et al. | |

Medical Negligence Attachment:
(By Plaintiff Patricia Hall against all Defendants)

Patricia Hall was prescribed Amitriptyline HCL by Defendant Vivian Tso, M.D. when she presented as a patient for medical treatment to Defendant Mid-City Community Clinic which Plaintiff believes is owned and/or controlled by Defendant San Diego Family Care. Defendant Vivian Tso, M.D. first prescribed Amitriptyline HCL to Defendant Patricia Hall on May 7, 2007 and last prescribed on October 22, 2008. On November 17, 2008, Plaintiff lost consciousness suddenly and fell sustaining serious injuries to her head and back. In May 2009, Plaintiff required surgery to repair the damage to her back from the fall. Defendant Vivian Tso, M.D., while acting in her capacity as an employee of Defendants Mid-City Community Clinic and San Diego Family Care, was informed by Plaintiff numerous times that she was prone to sudden fatigue and blackouts. Plaintiff had also conveyed complaints of sudden fatigue and blackouts to another physician, Diana Lee Marquardt, M.D., also an employee of Defendants Mid-City Community Clinic and San Diego Family Care, before first treating with Defendant Vivian Tso, M.D. Despite having been informed by Patricia Hall of sudden fatigue and blackouts while on Amitriptyline HCL, on May 7, 2007, Defendant Vivian Tso, M.D. actually increased Plaintiff's prescription from 25 mg. to 75 mg. Amitriptyline HCL increases the risk that a person will uncontrollably lose consciousness, especially given the symptoms reported by Patricia Hall. By prescribing Amitriptyline HCL and by increasing the Patricia Hall's dosage given the facts known to her, Defendant Vivian Tso, M.D. was negligent and failed to use the level of skill, knowledge, and care in diagnosis and treatment that other reasonably careful medical doctor would use in the same or similar circumstances. This negligence was a substantial factor and proximate cause of Patricia Hall's loss of consciousness and fall on November 17, 2008 and substantial factor and proximate cause of the injuries sustained in that fall. Total medical expenses incurred to date as a direct and proximate cause of Defendants' negligence are approximately $100,000.00.

(Required for verified pleading) The items on this page stated on information and belief are (specify item numbers, not line numbers):

This page may be used with any Judicial Council form or any other paper filed with the court.

Page 4

Form Approved by the Judicial Council of California
MC-020 [New January 1, 1987]
ADDITIONAL PAGE
Attach to Judicial Council Form or Other Court Paper
CRC 201, 501

PAGE 13     SD FAMILY CARE     8582799377     11/22/2020 22:48

| SHORT TITLE: Patricia Hall v. Mid-City Community Clinic, et al. | CASE NUMBER: |
|---|---|

Failure to Obtain Informed Consent Attachment:
(By Plaintiff Patricia Hall against all Defendants)

Patricia Hall was prescribed Amitriptyline HCL by Defendant Vivian Tso, M.D. when she presented as a patient for medical treatment to Defendant Mid-City Community Clinic which Plaintiff believes is owned and/or controlled by Defendant San Diego Family Care. Defendant Vivian Tso, M.D. first prescribed Amitriptyline HCL to Defendant Patricia Hall on May 7, 2007 and last prescribed on October 22, 2008. On November 17, 2008, Plaintiff lost consciousness suddenly and fell sustaining serious injuries to her head and back. In May 2009, Plaintiff required surgery to repair the damage to her back from the fall. Defendant Vivian Tso, M.D., while acting in her capacity as an employee of Defendants Mid-City Community Clinic and San Diego Family Care, was informed by Plaintiff numerous times that she was prone to sudden fatigue and blackouts. Plaintiff had also conveyed complaints of sudden fatigue and blackouts to another physician, Diana Lee Marquardt, M.D., also an employee of Defendants Mid-City Community Clinic and San Diego Family Care, before first treating with Defendant Vivian Tso, M.D. Despite having been informed by Patricia Hall of sudden fatigue and blackouts while on Amitriptyline HCL, on May 7, 2007, Defendant Vivian Tso, M.D. actually increased Plaintiff's prescription from 25 mg. to 75 mg. Defendant Vivian Tso, M.D. never informed Plaintiff of the risks of sudden loss of consciousness that were associated with taking Amitriptyline HCL, especially given Plaintiff's complaints of sudden fatigue and blackouts, and that other safer alternative treatments existed.

Amitriptyline HCL increases the risk that a person will uncontrollably lose consciousness, especially given the symptoms reported by Patricia Hall. By prescribing Amitriptyline HCL and by increasing the Patricia Hall's dosage given the facts known to her, and not informing Plaintiff of the risks of taking Amitriptyline HCL, including sudden loss of consciousness, and that other safer alternatives were available, Defendant Vivian Tso, M.D. failed to obtain informed consent. Patricia Hall was harmed as a result of a risk, sudden loss of consciousness, associated with Amitriptyline HCL of which she was not informed.

The loss of consciousness caused by the Amitriptyline HCL prescribed by Defendant Vivian Tso, M.D. was a substantial factor and proximate cause of Patricia Hall's fall on November 17, 2008 and substantial factor and proximate cause of the injuries sustained in that fall. Total medical expenses incurred to date as a direct and proximate cause of Defendants' failure to obtain informed consent are approximately $100,000.00.

(Required for verified pleading) The items on this page stated on information and belief are (specify item numbers, not line numbers):

This page may be used with any Judicial Council form or any other paper filed with the court.

Page 5

Form Approved by the Judicial Council of California
MC-020 [New January 1, 1997]

ADDITIONAL PAGE
Attach to Judicial Council Form or Other Court Paper

CRC 201, 501